```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

<u>Nicholas Nikolopoulos and</u>
<u>Peter Nikolopoulos</u>

  v.           Civil No. 06-cv-398-JD
                 Opinion No. 2006 DNH 137

<u>Sophie Nikolopoulos,</u>
<u>Madelyne E. Theodore,</u>
<u>and Pamela Theodore Salera</u>


          <u>O R D E R</u>

  After their father's death, Nicholas and Peter Nikolopoulos brought an equity action in state court against their step-mother, Sophie Nikolopoulos, and her daughters, Madelyne E. Theodore and Pamela Theodore Salera, seeking both the imposition of constructive trusts over money held by Sophie and her daughters and injunctive relief.  The defendants removed the action to this court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The plaintiffs move to remand the case to state court due to a lack of subject matter jurisdiction.  The defendants move for judgment on the pleadings.

Background[1]

Nicholas and Peter Nikolopoulos are the sons of James Nikolopoulos. James and his first wife, the mother of Nicholas and Peter, were divorced in 1983. Under the divorce decree, James was required to maintain life insurance for the benefit of his sons. After the divorce, James also made his sons the beneficiaries of his long-term savings plan through his employer, Lucent Technologies, his IRA accounts, and his savings accounts.

James retired from Lucent in 1996. In December of 1998, James married Sophie, who had been married twice before and had two grown daughters from her first marriage. After their marriage, James made Sophie the beneficiary of his life insurance policy, replacing his sons. James kept in close touch with his sons, even after his marriage, keeping them apprised of his financial situation and his financial arrangements with Sophie.

In August of 2004, while James and Sophie were vacationing in Greece, James experienced several seizures that affected his ability to speak and his motor skills. Tests at Catholic Medical Center in Manchester, New Hampshire, showed that James had a brain tumor. Further testing revealed that the tumor was malignant. The plaintiffs allege that Sophie took advantage of

---

[1]The following summary is taken from the allegations in the complaint.

James's disabilities to gain control over his finances. James died on March 7, 2005.

Nicholas was executor of his father's estate. After James's death, Nicholas alleges that he found Sophie had taken his father's money out of his accounts and had given the money, at least in part, to her children and grandchildren. In April of 2005, the Lucent Pension Benefit Center notified Sophie that she was the beneficiary of James's long-term savings plan proceeds, although his sons were named as the beneficiaries. The plaintiffs allege that Sophie initially recognized that it was a mistake for her to receive those proceeds that were intended for Nicholas and Peter but then changed her mind and kept that money. She withdrew the entire amount, $579,038.56, and put the money into her own accounts and accounts for her children and grandchildren.

## Discussion

The plaintiffs' suit is seeking to recover the money that the plaintiffs believe belongs to them and not to Sophie or her children or grandchildren. They move to remand the case to state court on the ground that they have not alleged a claim that arises under federal law, as required by § 1331. The defendants respond that because the money that is the subject of the

plaintiffs' fourth claim for a constructive trust is the proceeds of James's long-term savings plan at Lucent, governed by the Employee Retirement Income Security Act ("ERISA"), that claim is preempted by ERISA, providing a federal question under § 1331.

"Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded." Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). ERISA preempts "(1) state laws that 'mandate[] employee benefit structures of their administration,' (2) state laws that 'bind plan administrators to [a] particular choice,' and (3) state law causes of action that provide 'alternative enforcement mechanisms' to ERISA's enforcement regime.'" Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 51 (1st Cir. 2000) (quoting N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995)).  To rely on complete preemption by ERISA as the federal question basis for removal jurisdiction, "the defendants must show that the state cause of action falls within the scope of ERISA § 502(a)." Danca, 185 F.3d at 5. That determination depends upon "the real nature of the claim." Id.

ERISA § 502(a) is codified at 29 U.S.C. § 1132(a). The defendants assert that § 1132(a)(1)(B) preempts the plaintiffs'

claim for a constructive trust as to the proceeds of the Lucent long-term savings plan.  Section 1132(a)(1)(B) provides a cause of action to a participant or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

The proceeds of James's long-term savings plan have been distributed to Sophie and are no longer held by the plan administrator.[2]  The plaintiffs' claim in Count IV assumes that the plan administrator distributed the benefits in accordance with the terms of the plan.  The plaintiffs seek a constructive trust in their favor over the distributed proceeds based on James's expressed intentions to have his sons be the beneficiaries and other circumstances in the relationships of the parties that are unrelated to the plan and its administration.  As such, the plaintiffs' claim does not seek benefits due under the terms of the plan, to enforce rights under the plan, or to clarify rights under the plan to future benefits.

Therefore, the defendants have not shown that the plaintiffs' claim for a constructive trust in Count IV falls

---

[2]Because they have been distributed, the proceeds are not protected by ERISA's anti-alienation provision, 29 U.S.C. § 1056(d).  <u>Hoult v. Hoult</u>, 373 F.3d 47, 54-55 (1st Cir. 2004).

within the scope of § 1132(a)(1)(B).  As a result, the defendants have failed to establish that a federal question exists to support subject matter jurisdiction over this case.  In the absence of subject matter jurisdiction, the case must be remanded to state court.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (document no. 13) is granted.  The defendants' motion for judgment on the pleadings (document no. 12) is terminated due to the absence of subject matter jurisdiction.

The clerk of court shall remand the case to Hillsborough County North Superior Court.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 7, 2006

cc:  Jannette Lynn Mooney, Esquire
     Vincent A. Wenners, Jr., Esquire